Good morning. Good morning, Mr. Titterington. My name is Lee Titterington. I represent the Juvenile Appellant in this case. The posture of the case has changed dramatically recently, obviously. In Jonah R., this Court held that juveniles must get credit for time served just as adults should. My opponent has informed me this morning that her office, which was the United States Attorney's Office in the Jonah R. case, does not intend to pursue further review of that decision. Therefore, in this case, I believe, that should mean that Mr. My client, the juvenile, should be immediately released. Well, let me let me let's let's work work through that. Sure. Because I think what we do with it is somewhat ambiguous. If if I assume with me for the moment that the actual issues that you raise on appeal don't carry the day, just assume that. All right. In other words, assume that there was no resentencing. Therefore, there's no double jeopardy problem and there's no allocution problem. Just assume that. Okay. You then made a motion to correct sentence, which the district court denied. That's right. Yes. When you move to reconsider the denial of the motion to correct sentence, in denying that motion, the district court went through the normal criteria for motions to reconsider. And when he got to the final one, that is, whether there was a manifest injustice or a clear error of law, he stated, no, there's not, because the Juvenile Act doesn't have allow for credit and the statute that applies to normal defendants doesn't apply. All right. That now is wrong. True, Judge. All right. So it seems to me technically that what should happen is that the motion to that, and you appealed from the motion to reconsider. That's right, Judge. So technically, why isn't the proper thing to have happen here that we reverse and vacate the denial of the motion to reconsider, send it back for the district court then to review and reconsider in light of J.R. and do what he'll do? Judge, to tell you the truth, the procedure doesn't matter. All I'm trying to basically point out to this Court is that it does matter. Well, but, Judge, well, let's go back to the beginning. In February, my client was sentenced to two years in custody. The judgment, obviously, was credit for time served. The amended judgment, which was issued in August, corrected an alleged typographical error. Yeah, but now you're going back to the merits. You're off my – you've got to play by my rules for the moment because I ask you to assume that those arguments get you nowhere, but you've got a winner. All right? Just humor me. Okay. I'm sorry. Perhaps I didn't understand your question, Judge. Sorry. Let me try again. Sure. Assume that the issues that you actually raised on appeal don't win. I understand. There's no double jeopardy. There's no allocution problem. Okay? The district judge, however, did deny the motion to reconsider in part on the ground that it was proper for the Bureau of Prisons not to credit time served. In light of J.R., that now is wrong. That would be an appropriate disposition, Judge, the one that you suggested earlier. Okay. To reconsider its order denying my motion to reconsider. Right. Right. Okay. But what would you want us to say anything about the judgment, the sentence itself? Judge, I believe that because my client was arrested May 4, 2004, and that he was according to the oral judgment and written judgment said two years, just as the probation officer had recommended, that he has now served his two years in custody because he is entitled to the credit. He's served two years. He's actually served two years and two weeks. I believe that the judgment at this point should be that Judge McNamee should reconsider his order, reinstate the original judgment, and direct that my client be released. Yeah. There is this case called, I think it's U.S.B. Wilson, that says that the Attorney General is the one who actually does the calculation. So you're assuming that Judge McNamee could order the Attorney General to do the calculation in order to release. I understand, Judge, that Wilson said that to calculate which sorts of credit a juvenile or a defendant is entitled to, the Bureau of Prisons is in charge of calculating. But in this particular case, I think it's clear because he was arrested by Federal authorities on May 4, 2004. He was in Federal custody the entire time. The statute that says that in calculating credits, he's entitled to credit for every day that he served on this charge. Two years have passed. He's entitled to be released. So he'll just ask us to reverse and remand to Judge McNamee for resentencing, have the mandate issue, and you'll go into Judge McNamee ASAP. Well, that's a very different suggestion from mine, technically. I understand, Judge. I said your mechanism to get there is perfectly satisfactory because Jonah R. obviously is something new, at least to Judge McNamee. It's new to Judge McNamee. And I think they're dealing with they're going to be dealing with that issue in the Jonah R. case almost immediately. I would think so. And they will have to deal with the issue in this case also almost immediately considering that Jonah R. had actually served more than this. No particular reason, assuming the United States agrees, which I suppose it probably does, that an order to that effect couldn't be entered today and give you the opportunity to go into Judge McNamee quickly. And I have nothing further, Judge. Okay. Good morning. Joan Rufinacchione on behalf of the United States. With regard to I had a prepared statement, but I think I'll skip ahead with the court's question. I would just answer my question, which is does the government agree that reconsideration is indicated? My concern is this. If we send it back to Judge McNamee under the court's suggestion, then there has to be an order entered for the juvenile to be released. Yeah. If the court were to enter an order, because the court presumed that, or for purposes of argument, the court presumed that the defense arguments did not carry the day, and therefore you went right to the issue of Jonah R. If the defense arguments don't carry the day and, in fact, the waiver applies, then the case is over and this court could order that he be released without going back to Judge McNamee because you will have affirmed. Otherwise, it's going to require going back to Judge McNamee, getting on the docket, and prolonging the custody because the government obviously agrees that Well, why don't you then, if that's what you want, then why don't you just concede error and agree to an immediate release? Because, Your Honor, there's two different things here. Jonah R. affects the implementation of the sentence. I surely agree. That was actually imposed. I also agree with that. So the government can't concede error that the sentence, because the challenge is to the sentence. Well, then just concede that he should be released away. I don't care whether you say that there's error or not. I'm trying to be technically accurate, but if the government's position is he ought to be released today, then why don't you just agree? Well, the government's position is if, in fact, the waiver of appeal provision is enforceable, then under Jonah R. Well, let me just tell you, at least speaking for myself, the waiver provision doesn't apply at all. I agree. So I have, perhaps, I don't know what my colleagues think about the merits of the two issues that I asked counsel to assume were not going to be resolved in his favor. They might be resolved in his favor. I just ask him for the sake of argument to assume that they weren't. But I guess I'm just having difficulty understanding why the government doesn't recognize that J.R. now affects at least the end of the train, which is the motion to reconsider. For this reason, Your Honor, Judge McNamee has, I believe, made clear through his orders that he did not intend credit for time served. And if he wants to stick to that position, I suppose he's entitled to stick to it and get mandated. Well, but the question would then become, if Judge McNamee fully intended from day one for the juvenile to get 24 months in custody, then could Judge McNamee add 24 months and the 10 months served and give him a 35-month sentence? Let me just try to spell this out. In his motion to reconsider, the judge himself stated, I am not going to reconsider denial of the motion to correct sentence because I think the Bureau of Prisons sentence, the Bureau of Prisons policy is correct. That view of the law is now, wasn't at the time he did it. But it's now clearly not correct. The government agrees. Okay. So to the extent that Judge McNamee believed it to be otherwise, he now knows that it's not true. True. Yes, I agree. Okay. So what possible basis is there not to send it back for him to relook at it? We have to send it back. I don't think that Judge McNamee said that it was correct, but that was just the state of the law. He wasn't taking an issue as to whether that state of law ought to be right or not. Simply saying credit is not provided by law. Now that credit is provided by law, we must send it back to Judge McNamee. Let me just ask the government. What were you going to say to us? What is it that you are asking for? Well, the government's position is that it was a proper correction of the judgment and commitment order to strike the language with credit for time served. Because in imposition of the sentence, Judge McNamee imposed a sentence of 24 months. That was an unambiguous pronouncement of sentence. The oral pronouncement controls over the written judgment. That being the case, then Judge McNamee was within his rights to make that typographical correction, and the judgment is proper. Now, as a practical effect, as we previously discussed, that means that if the judgment stands as written, that BOP is now required to give the juvenile credit for time served, which he has served, and he will get out. So why don't you just agree to that? Yeah. Why don't you just agree to that? I just don't understand. When the Court asked me to concede, I cannot concede that the defense arguments are appropriate or well taken. Look, I'm not asking you to concede that they are correct. I'm asking you if you, in fact, agree to what you just said, then why don't you just agree to it? Because we have the issue pending before the Court on these. So we — you're asking us to withdraw our opposition as opposed to — No. I'm just asking that, like in all sorts of cases, if the parties actually agree on what should happen, they agree on what should happen, they settle the case. I mean, and it's over. There's no — there's no appeal left. No one's — Are you trying to preserve your right to argue that J.R. is wrong? No. No. The government doesn't intend to do that. But BOP implements the district court's orders. The district court's order in this case is what's at issue. So BOP has an order that they didn't think was proper, but they were trying to do what they believed the court wanted them to do. So all the government's looking for is a clarification on what that order should say. The order should stay exactly what you said a minute ago. That is, he's out. Don't you think justice requires that we do the most direct act to free the juvenile based upon the correct state of the law? Exactly. So why don't you just go outside draft stipulation and we'll submit it to the court and we'll say it's so ordered. It just says this guy should be released. And we'll say it's so ordered. And then you take that to the BOP. You don't have to go through the history of everything. No, I think the district judge has to do that. And I'm not sure that I have authority on behalf of my office to make that stipulation. Okay. To obtain a commitment. We'll save you the problem, I think. Okay. Thank you. Judge, I have nothing further to add. Okay. Thank you. Thank you, counsel. The matter just argued to be submitted.
judges: Rymer, Wardlaw, Ware